## Succession of Charles Morgan, Sen.

When the front tract belonged to the husband before marriage, the *double concession* purchased by him after the marriage, under the Act of Congress of June 15th, 1822, became the property of the husband. The only right of the community is that of claiming a reimbursement of the sum paid as the price, if the payment has been made out of the funds of the community.

In cases of partition where some of the part owners are minors, the Judge has no power of his own will to order a sale of the property to be divided, upon terms of credit. This can only be done at the instance of the tutor and upon the advice of a family meeting. C. C. 1263

| 12 | 153 |
| 44 | 747 |
| 12 | 153 |
| 45 | 1277 |
| 12 | 153 |
| 52 | 1405 |

APPEAL from the Ninth Judicial District Court for the parish of Pointe Coupée, *Cooley*, J. *Louis Janin*, for *Olivia Van Wickle et als.*, appellees. *Ilsley & Provosty*, for *H. Allain et als.*, appellants.

VOORHIES, J. On the 17th of February, 1848, *Charles Morgan* died intestate, in the parish of Pointe Coupée, where his succession was opened, leaving a widow and the following children and grand-children as his legal heirs, to wit : *Charles Morgan, Jr., James A. Morgan, Augustine Morgan,* widow of *J. W. Swain, Aurora Morgan,* widow of *Wm. R. Falconer,* and the three children of *Adele Morgan,* deceased wife of *Stephen Van Wickle,* to wit: *Emma Lise Van Wickle,* a minor represented by her father and natural tutor, *Adeline Van Wickle,* wife of *J. P. Coulon,* and *Olivia Van Wickle,* wife of *J. L. Mathews.*

*Charles Morgan, Jr.,* one of the heirs, was appointed administrator of the succession. He died in July, 1855, without having rendered any account of his administration, leaving a widow and seven minor children.

This action was instituted by *Olivia* and *Adeline Van Wickle* against their grand-mother, *Hyacinthe Allain,* and their co-heirs for a parition, in which they also claimed an account of the administration of *Charles Morgan, Jr.* They allege in a supplemental petition filed by them, that a tract of land of fourteen and one-half arpents front on the Mississippi, by forty in depth, established as a sugar plantation, together with the double concession thereof, was erroneously inventoried as the property of the community ; that both were the separate property of the deceased, except the improvements thereon, which were properly inventoried as belonging to the community.

*Stephen Van Wickle,* as tutor, the widow of *Charles Morgan, Jr.,* as natural tutrix, and *Aurora Morgan,* answered respectively, acquiescing in the plaintiff's demand, and also claiming that the double concesssion should be considered as the separate property of their ancestor.

*Hyacinthe Allain,* widow of *Charles Morgan,* in her answer, in which her two children, *James A.* and *Augustine Morgan,* join her, avers that all the property inventoried belonged to the community of which she was the surviving partner, and as such legally entitled to the usufruct thereof.

A report of experts shows that the property in question is not susceptible of being divided in kind between the parties without inconvenience and loss.

It is admitted by the parties that the front tract was purchased by *Charles Morgan* on the 23d of June, 1806, the year previous to his marriage, that his title to it was confirmed in 1820, and that he bought the double concession in 1835, under the Act of Congress of June 15th, 1822.

The defendants and appellants have presented two questions to our considera̠tion : 1st, Is the double concession separate or community property ? 2d, Is

20

the advice of a family meeting essential to fix the terms of credit of the sale in relation to the interest of the minors ?

I. We do not think the Judge erred in deciding the first question affirmatively. That the cause of the acquisition preceded the marriage, is a matter, which can hardly admit of any doubt. We think it is perfectly clear, under our jurisprudence on the subject, that the confirmation by the Government, subsequent to the date of the marriage, did not have the effect of vesting the legal title to the original tract in the community. It is, therefore, difficult to perceive in what manner the rights of the parties can be affected in this case by the distinction between complete and inchoate titles. See the case of *Pargoud* v. *Pace*, 10 An. 614. But we consider the decision in the case of *Barbet* v. *Langlois*, 5 An. 212, as decisive of this question. The only right to which the community is entitled is that of claiming the reimbursement of the sum paid on account of the entry of the double concession, if such payment has been made out of the funds of the community.

II. As it was conceded, that a sale of the property in question was necessary to effect a partition, the Judge accordingly ordered an inventory and sale thereof, on the terms demanded by the parties, to wit: two-fifths, as the shares of *James Alfred* and *Augustine Morgan*, for cash, and the residue at one, two, three, four and five years' credit, the purchasers giving notes with approved security, &c. In cases of partition, where some of the heirs are minors, Art. 1263 of the Civil Code declares: that the Judge may at the instance of their tutors, and on the advice of the meeting of their family, order the sale to be made on certain terms of credit and on proper security, &c. This textual provision, clear and free from any ambiguity, is imperative, leaving no discretion in the Judge to act without such authority. It may be true in this instance that the terms of credit are advantageous to the minors. But it is evident that the plain letter of the law cannot be disregarded under such pretext. And we cannot yield our assent to the proposition, that the appellants can have no possible legitimate interest in the determination of the question thus presented by them. They certainly have, as joint owners, an interest to see that a valid title to the property shall be vested by the sale in the purchaser. See 6 An. 755.

It is, therefore, ordered, that the judgment of the court below be avoided and reversed, so far as it regulates the terms of the sale in relation to the minors, and in every other respect that said judgment be affirmed; and it is further ordered, that the case be remanded to be proceeded in according to law, the appellees to pay the costs of this appeal.