| 44 | 745 |
|---|---|
| 45 | 1276 |

| 44 | 745 |
|---|---|
| 52 | 1405 |

## No. 10,923.

### WIDOW LOUIS FIX VS. GEORGE A. KOEPKE.

In a partition suit, the absence of an averment of the value of the property and where located can be cured by an amended petition.

The amended petition has the effect of perfecting the original, and orders issued on the filing of the suit, and before the amendment was filed, are valid.

In fixing the terms of sale of immovable property in which minors are interested as plaintiffs, the judge must do so on the advice of a family meeting.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*A. J. Villere,* for Plaintiff and Appellee, cited: 36 An. 785; 38 An. 164; 39 An. 119; 40 An. 609.

Fix vs. Koepke.

*T. M. Gill* for Defendant and Appellant:

1. Defendant's residence or place where he lives must be mentioned in petition. C. P. 172, No. 3.
2. Court having no jurisdiction can render no valid order but of dismissal. 32 An. 48; 37 An. 586, 605; 39 An. 853, 854, 806; C. P. 92; 39 An. 310.
3. An owner in common is not entitled to a sequestration of the half of any particular thing. 3 L. 136.
4. Neither the supplemental petition nor the affidavit discloses any right or cause for a sequestration. C. P. 275, No. 2.
5. Such writs will not be granted unless specially provided for by law. 19 An. 195; 9 An. 535; 2 An. 96.
6. That the matters and things alleged in the second supplemental petition can not be cumulated with and brought into a suit for a partition.
7. An administrator can not represent either the heirs or succession in a suit for partition. 30 An. 182; 14 An. 182; 26 An. 606, 607; 21 An. 712.
8. An administrator has no authority to institute such a suit, nor to carry it on after brought, and no authority to stand in judgment. 26 An. 606; 30 An. 182.
9. That the appointment of a curator and tutor *ad hoc* to the minors herein is unauthorized and illegal. 25 An. 466, 467; 31 An. 574.
10. The major heirs, or minors represented by a tutor appointed, if they have none, upon the recommendation of a family meeting duly convened, are the parties in such cases to institute and carry on partition suits. C. C. 270, 271; C. P. 957, 958, 959; 26 An. 704; C. C. 1307 (1230), 1329 (1252), 1312 (1235).
11. When necessary to appoint *special* tutors; one must be appointed to each minor. 5 An. 211; 9 An. 56; 30 An. 182.
12. This is not a case *against* a minor. C. C. 313; C. P. 116, 194.
13. The experts were illegally appointed. C. P. 446, 448.
14. The report of the experts furnished none of the *legal* requisites of proof that the property is indivisible. 18 An. 282; 15 An. 697, 698; C. C. 1339 (1261), 1340 (1262); 40 An. 572.
15. A family meeting *must* be convened and fix the terms of sale of *immovable* property in which minors are interested; this is imperative. C. C. 1341 (1263); 12 An. 153, 154; 15 An. 250, 697, 698; 30 An. 974; 40 An. 574; 35 An. 572.

---

The opinion of the court was delivered by

McENERY, J.   This is a suit for a partition of the property inherited by plaintiff and defendant from a common ancestor, and held in indivision by them.

The defendant excepted to the petition on the ground that it did not disclose the place of residence of the plaintiff, the place where the property is situated, and the value of the property to be partitioned.

With leave of the court, before the exception was tried, an amended petition was filed, which cured these defects.

The amended petition did not alter the substance or character of the demand; and only cured the defects or errors in general allegations and was therefore permissible.

Fix vs. Koepke.

The order granted by the court on the filing of the first petition can not, therefore, be set aside because of the want of jurisdiction alleged in the exception.

The amended petition gave vitality to the original one as though it was perfect when filed.

The amended petition was excepted to on the ground that gave rise to the first exception, the idea being that for want of proper jurisdictional allegations in the first petition the court could do no act, except to dismiss the suit. As above stated the amended petition cured the defects in the original.

The second, third, fourth and fifth grounds in the exception, that the court, because of the alleged want of jurisdiction could not issue a writ of sequestration prayed for by the defendant in the amended petition, are therefore without merit.

A supplemental petition was filed by the administrator of the plaintiff, who had died pending the suit, alleging the nullity of certain tax sales of properties which were adjudicated to the defendant.

It will not be necessary to notice the exception filed by the defendant, as he states in his testimony that he let the property go to tax sale and purchased it, thinking that in this way he could reduce the amount owing for taxes.

He was the agent for plaintiff and held the property, and he says his purchase was for their joint benefit.

The judgment appealed from is in conformity to the evidence, and based upon the facts mainly furnished by the defendant.

Judgment affirmed.

## ON APPLICATION FOR A REHEARING.

McENERY, J. The application for a rehearing in this case presents only one point which it is necessary to consider.

The District Judge fixed the terms of sale of the immovable property without the advice of a family meeting. There were minors interested, and this was essential, as they were plaintiffs in the suit. Civil Code, 1341; 12 An. 153; 15 An. 250.

It is therefore ordered that our former decree herein be amended so as to strike from the judgment appealed from that part of the same which fixes the terms of the sale of the immovable property. In other respects it will remain undisturbed.

It is further ordered that the case be remanded to be proceeded with according to law and the views herein expressed.