The opinion of the court was delivered by
Watkins, J.
This is a proceeding taken by rule on the part of the plaintiff in a partition suit against Henry J. Bruning as an adjudicatee at the judicial sale of a portion of the realty that was sold, and we have made the following extract from the brief of appellant’s counsel as containing a correct statement of facts, and to which counsel for appellee assents, viz:
“In this partition suit, under a judgment ordering the property “ owned in common between the parties, plaintiff and defendant, to be “ sold at auction in order to effect a partition, there was adjudicated “ to Henry J. Bruning at the auction sale, two of the properties de“'seribed in the proceedings herein. Bruning declining to accept title “ offered, a rule was taken against him, by the parties in interest to “ compel him to comply with thef adjudication and accept the title. To “ this rule, Bruning filed a return setting up ‘that no valid, clear and “unencumbered title had been tendered to this respondent, especially “ in this:
“ ‘ First. That the interest of the minor, Edmond Richardson, in “ and to the property was not legally divested by said adjudication and “ proceeding herein had.
“ ‘ Second. That the interest in said property of Mrs. Ella O. Rich“ardson is burdened with a minor’s mortgage, and subject to which “this respondent can not be compelled to take title; and that the no- “ tarial act of sale proposed to be made to this respondent contains “ terms and conditions other than those provided for in the judgment “ and advertisement of sale.’
“ On the trial, judgment was rendered in favor of plaintiffs in rule, “ condemning the defendant in rule to deposit in the registry of the “ court the amount of his bid, with seven per cent, interest from date “ of adjudication, and that upon production to the recorder of mort- “ gages of the receipt of the clerk of the court for the sum of $1975.00, “with seven per cent, interest from February 38, 1899. that the re- *1404 “ corder of mortgages should cancel from his records the inscription of “ the general mortgage against Mrs. Richardson, resulting from her “ tutorship, in so far as the property adjudicated to Mr. Bruning was “ concerned; and it further orders that if Bruning should fail to com“ply with the judgment within ten days, that there be judgment in “ favor of the parties to the partition suit and against him in the sum “ of $1975.00, with seven per cent, interest from February 2Stli, 1899, “ and five per cent, attorney’s fees. It is from this judgment that the “ defendant in rules prosecutes this appeal.”
It is shown by the record that Edmond Richardson, minor, is one of the co-owners and co-proprietors of the common property; and that his mother, Mrs. Ella O. Richardson is, likewise, a co-owner and co-proprietor, and being the natural tutrix of the minor, her undivided shard or interest is burthened and encumbered with a general mortgage in his favor.
I.
The first question for consideration is, whether a family meeting can be legally held for the purpose of recommending the sale of the minor’s interest upon terms of credit, after the sale for the purposes of a partition has been judicially decreed, upon terms of credit, and the sale has been actually made and adjudicated to the purchaser upon terms of credit.
The judgment was rendered in the partition suit on the 13th of January, 1899, and it directed and required that the property be sold at public auction on the following terms of credit, to-wit:
“ One-fourth or more cash, at the option of the purchaser, and the remainder at one, two and three years’ credit, for notes of the purchaser bearing seven per cent, interest per annum fr.om the day of sale until paid, and secured by mortgage and vendor’s lien, and all the usual and customary clauses, including five per vent, attorney’s fees in case of non-payment of the notes, etc.”
The proces verbal of sale states that on the 28th of February, 1899, the property was adjudicated on the terms that were specified in the judgment, and particularly specifying “attorney’s fees in case of suit on the notes.”
The family meeting was convened on the 7th of March, 1899, and made recommendations to the effect that, as the sale made on the 28th *1405 of February, 1899, w-as necessary to effect a partition, that it was sold for its full value, and resulted to the advantage of the minor, the terms upon which the same was made are approved as “the terms and conditions which could have been fixed for said sale.’*
The family meeting, thereupon, made an appraisement of the property, then follows this further recommendation, viz:
“ Wherefore, they advise the court to conform and ratify the aforesaid sale, and to authorize the tutrix of the minor Edmond Richardson to sell at private sale, the aforesaid property for the price of the appraisement as fixed by the judgment of partition, etc.” _
The foregoing deliberations of the family meeting were homologated on the same date that the recommendations were made; but the decree followed the averments of the petition of the tutrix, and confirmed and ratified the sale as made by the auctioneer, and made no reference to the recommendations as to the making cff a private sale.
In the chapter of the Code which treats of “In What Manner the Judicial Partition Is Made”, the following provision is found, viz:
“ The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, etc.” R. C. C., 1336.
But that article is restricted in its effect to partitions made between majors, exclusively, as will appear from the following, viz:
“ When the effects of a succession are to be sold, in order to effect a partition, if all the heirs of the deceased are absent, minors or interdicted, the judge may, at the instance of the tutors and curators of these heirs, and on the advice of the family meeting of those of the heirs who are minors or interdicted, order the sale to be made on certain terms of credit and on proper security, unless the payments of the debts of the succession require that the sale he made for cash.” R. C. C., 1341 (1263).
Those provisions have been frequently interpreted by this court, and held to be imperative, leaving in the judge no discretion to act without such authorization. Succession of Morgan, 12 Ann., 153; In Dixon Applying for a Monition, 6 Ann., 754; Fix vs. Koepke, 44 Ann., 746.
But while those decisions meet with our approval and concurrence, we have a somewhat different question to deal with herein, and that is, whether the family meeting was legally capacitated to subsequently *1406 ratify and approve the terms upon which the sale was made — the same having been fixed by the judge in an order directing the partition, and having been found by the family meeting advantageous to the minors.
It appears that the family meeting was convened immediately after the adjudication of the property, aud almost, contemporaneously therewith and before the proces verbal of adjudication had been filed by the auctioneer, or any demand had been made on the adjudicatee for the payment of the price, or any title had been tendered to him — the proces verbal of the proceedings of the family meeting having been homologated by the judge on the day upon which they were adopted.
In view of these facts, the proceedings of the family meeting were, for all necessary purposes, a part of the proceedings for the sale. They were practically simultaneous; so much so, that they may be considered as one and the same; that is to say, that the proceedings of the family meeting wgre read into the- adjudication which is represented by the proces verbal of sale which was subsequently executed by the auctioneer and filed. So that when the title was thereafter tendered to the purchaser, the tender must be considered as having been based both upon the proces verbal oí sale and the proces verbal of the proceedings of the family meeting adopting the terms of sale.
Had the family meeting been convened subsequent to the- execution, delivery and acceptance of title, the question presented might have been somewhat different; though we are not prepared to say that even then the ratification would not have been complete.
It appears that the family meeting not only advised the court to confirm and ratify the aforesaid sale upon the terms stated in the decree, but it, also, authorized “the tutrix of the minor, Edmond Richardson, to sell at private sale the aforesaid property for the price of the appraisement, as fixed by the judgment of partition.”
Under the law the family meeting is authorized to make such a recommendation, because it declares:
“ When two or more persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or, if a minor represented by his tutor or tutrix, to effect a partition on the advice of a family meeting, duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting, and said proceedings to be *1407 homologated by the judge of probates of the parish in which the said minor resides.”
Section 1, Act -25 of 1878.
Of that act and a partition made thereunder at private sale, this court said in Duruty vs. Musacchia; 42 Ann., 357:
“Defendant further objects to the validity of Mrs. Durruty’s title, “.because derived, in part, from minors whose-'title was divested by “ proceedings conforming to the requirements of law. It was a' private “ sale, made to effect a partition under the special provisions of Act “ No. 25 of 1878.
“ We have critically examined the proceedings, and find them to conform, in every respect, with the requirements of the Act.”
A similar sale was approved in Bruhn vs. Building Association, 42nd Ann., 482; and again in Dauterive vs. Shaw, 47th Ann., 882;
From that law, and the decisions making application of it, we conclude that if the sale as made at public auction under the order of court, was, in any respect, irregular, that it would be in the power of the tutrix to ratify and confirm the same by private sale. But, in our opinion, same is not necessary.
Under these circumstances, we think the object of the law has been substantially attained, and that the rights of the adjudicatee will be fully protected by the decree of this court, ratifying and approving of the sale as made.
We are, therefore, of the opinion, that the sale had the legal effect of devesting the interest of the minor in the common property, and passed a clear title to the purchaser.
II.
The decree of the judge a quo making the plaintiffs’ rule against the adjudicatee absolute and compelling him to,comply with his bid “at the price and or»' the terms and conditions set forth in the proces verbal of the auctioneer”, decrees (1) that he shall “deposit in the registry of the court the amount of his bid, with seven per cení, interest from the 29th of March, 1899”; (2) that on the production to the recorder of mortgages of the receipt of the clerk of this (the District) court for the sum of $1975.00, with seven per cent, interest from the 29th of March, 1899, the said recorder of mortgages shall cancel the mortgage against Mrs. Ella Oliver Richardson resulting from her confirmation *1408 as natural tutrix of her minor children Susie and Edmond Richardson in the sum of $123,189.09, but in so far only as said inscription affects the property; (3) that “should said Briming fail to comply with the above within ten days, that there be judgment in favor of thé parties in this partition suit, and against him, the said Henry J. Bruning, in the sum of $1075.00, with seven per cent interest from the 28th of February, 1899, and five per cent, attorney’s fees.” '
On this state of facts, the contention of appellant’s counsel is, that the decree appealed from is essentially different from the rule laid down by this court in the following cases:
Koehl vs. Solari, 47th Ann., 890; Succession of Aron, 48 Ann., 821; and Succession of Allen, 48 Ann., 1244.
We make the following extract from his brief, to-wit:
“The judgment appealed from differs from the rule laid down in those cases in this important respect, that while they -authorize the amount of the bid to be deposited in the registry of the court, there is no provision that any portion of it shall so remain until re-invested, or even that it shall remain subject to the orders of the court; and nothing would prevent the parties in interest from withdrawing the deposit so made without any further action of the court.
“ Furthermore, the judgment appealed from requires that the entire amount of the adjudication be deposited in court; whereas under the order of sale and the adjudication, the purchaser has the option of paying one-fourth or morq cash and the remainder at one, two and three years’ credit represented by notes bearing seven per cent interest.
“ The judgment further orders that seven per cent, interest be paid upon the entire amount of the adjudication from the date thereof; whereas, under the adjudication, the purchaser is required to -pay interest only upon the credit portion.
“ The judgment directs that after the purchase price is deposited in the registry of the court, the clerk shall issue his receipt, and upon the production of this receipt, that- the recorder of mortgages is ordered to cancel the minor’s mortgage from his records in so far as the property in question is affected.
“ The recorder of mortgages is no party to this rule, and is not bound by the judgment rendered, so that there is no assurance given to the purchaser, that even should he elect to pay the entire purchase price in cash, that the recorder of mortgages would cancel the mortgage on the *1409 production of such a certificate; and he certainly would not do so if the purchaser took advantage of the terms of credit, because the recorder of mortgages is authorized to cancel only upon the production to him of the receipt of the clerk for the sum of $1975.00 with interest.”
In Koehl vs. Solari, stipfa, a similar question arose and was, by this court, decided. In that case, the decree appealed from made absolute a rule against the purchaser of property which was adjudicated to him at public auction, conformably to a judicial decree directing and requiring a partition thereof by licitation.
The decree of sale required the defendant in rule to pay the purchase price in compliance with the terms of adjudication, and ordered that the portion thereof coming to the tutrix of the minor “bo deposited in the registry of the court, and directed the cancellation of the legal mortgage of the minors resting against the property.”
Questioning- the completeness and efficacy of the cancellation of the minor’s mortgage, the purchaser appealed.
In our opinion we said upon his contention:
“ For, as counsel suggest in their brief, if the decree be literally carried out, the purchaser may find himself in possession of an encumbered undivided portion of the property.
“For, supposing the share of the proceeds coming to the minors be not invested in real estate, or in mortgages on real estate, but remain uninvested in the registry of the court, would not their mortgage remain in force upon their share in the property which the respondent acquired at partition sale?
“ This postulate rests upon the- theory that the minor’s mortgage remains upon the property until the reinvestment of the funds is actually made.
“ On the other hand, it is contended that, inasmuch as a judicial partition can be lawfully made contradictorily with the minors having an undivided interest .in real estate, it necessarily results that a partition sale extinguishes the minor’s mortgage and transfers it to the proceeds of sale, and that a different construction of the law would result in an embargo on the right of co-owners to have a partition of the common property.”
After making an examination of the authorities — and particularly Life Association vs. Hall, 33 Ann., p. 49—and applying same to the facts of that case, our opinion said:
*1410 “ Considering that the proceeds will represent the property, the shares of the respective parties in interest are transferred thereto. But to make it certain that the property shall pass free of any encumbrance, we thirds; it best that all the proceeds of sale shall be deposited in the registry of the oourt, and there remain until the amount coming to the'minors shall.be actually reinvested upon the order of court upon the recommendation of á family meeting, and the natural tutrix shall provide adequate security in place of the legal mortgage now resting upon her one undivided one-fourth interest in the property sold.
“ Otherwise there might be some risk of loss or injury to the interest of the minors. The whole proceeds being deposited in the registry of the court, the parties in interest will be concerned in the proper and speedy investment being made, and proper security furnished by the tutrix.
“In our opinion, there is no doubt of our power to deal with the proceeds of sale, as we are called on to deal with the property; and it is our conception of the law that the minors must have security at all times sufficient to cover and protect their interests.”
Thereupon, our decree amended the judgment appealed from so as “to require the entire proceeds of sale to be deposited in the registry of the court, and there remain, subject to the order of court, until the share of the minors is legally reinvested and their tutrix has furnished satisfactory security in lieu of their legal mortgage upon her interest in the property sold.”
In Succession of Allen, supra, this court dealt with á similar question, the proceeds of sale being partly cash and partly mortgage notes, and referring to our opinion in Koehl vs. Solari, with approval said:
“According to the foregoing statement, both the cash and notes ‘that are to go to the Allen heirs and Smith heirs, were, under a clause in the act (of sale) deposited in the hands of the executors’, etc., and in our opinion, same ought tó so rdmain deposited until such time as the same shall be invested for the minors in pursuance of an order of court and the recommendations of a family meeting, as a security to the title of the purchaser’s and minors’ rights as well.”
And in Succession of Aron, we again approved the doctrine announced in the Koehl case, and said:
“ If he (the purchaser) pays the entire purchase price into the registry of the court, the rights of the minor will be fixed and the funds *1411 due Mm held subject to the court’s order until such time as the tutor may give bond and secure the rights of said minor.”
In view of the foregoing authorities and the law, we think the rights of the minor will be protected by reforming the decree in this case so as to conform thereto.
It is, therefore, ordered and decreed that the judgment appealed from be so amended as to require the entire proceeds of sale — money and notes — to be deposited in the registry of the court, and there remain subject to the order of court, until the share of the minor therein shall be legally reinvested, and Ms tutrix shall furnish satisfactory security in lieu of his legal mortgage upon her interest in the property sold".
It is further ordered and decreed, that, in case the purchaser shall .exercise the option of paying only a portion of the price in cash, he shall execute and deliver his promissory notes due at one, two and three years with seven per cent, interest from the date of sale until paid, with mortgage and vendor’s lien to be retained upon the property sold as security for the payment of the 'deferred portions of the purchase price; and further stipulating in the act of sale all other usual and customary clauses, including his obligation to pay five per cent. attorney’s fees upon the amount due, in case of legal proceedings becoming necessary in the collection of the notes.
It is further ordered, that in. all other respects the decree appealed from be reversed, and that the costs of appeal be taxed against the plaintiffs and appellees.