# Staunton.

## GEORGE E. WEBB v. J. E. PETERSON AND OTHERS

September 22, 1927.

Absent, Prentis, P.

1. JUDICIAL SALES—*Land Sold First in Parcels and Then as a Whole—Discretion of Chancellor—Case at Bar.*—The instant case was a suit against defendant to subject his real estate to the payment of a judgment lien in favor of complainant. The court directed that the land be sold first in parcels and then as a whole. When the land was offered as a whole the bid was higher than the aggregate bids when the land was offered in separate tracts. The action of the court in decreeing a sale of all three parcels of the land as a whole was assigned as error.

    *Held:* That there was no merit in this assignment. There could be no better proof that the action was not an abuse of the discretion vested in the chancellor than the fact that by selling the property as a whole, after offering the same in parcels, it brought an increased price.

2. JUDICIAL SALES—*Land Sold First in Parcels and then as a Whole—Discretion of Chancellor.*—Unless controlled by the terms of the deed of trust or such like instrument, it is the well settled practice in this jurisdiction for the court, if of opinion that it will redound to the benefit of the debtor to sell land first in parcels and then as a whole, to so decree. Of course this action of the trial court is subject to review by the appellate court. That court will supervise the exercise of this discretion by the chancellor, but in no case reverse his action in the matter, unless plainly erroneous.

3. MORTGAGES AND DEEDS OF TRUST—*Sale—Sale on Different Terms from the Terms Fixed in the Deeds of Trust—No Complaint by Defendant or Beneficiaries in the Deeds of Trust—Case at Bar.*—The instant case was a suit against defendant to subject his real estate to the payment of a judgment lien in favor of complainant. The court directed the sale of several tracts of land owned by the defendant. No complaint was made by defendant before sale as to any change in the terms of sale under the deeds of trust, nor was any complaint made by the deeds of trust creditors. The action of the chancellor in decreeing

a sale of the real estate on terms different from the terms fixed in the two deeds of trust was assigned as error.

*Held:* That while the court reaffirmed the doctrine of *New York Life Ins. Co.* v. *Kennedy,* 146 Va. 197, 135 S. E. 882, that doctrine had no application to the instant case, as the chancellor was warranted in presuming that all parties were consenting to the terms of sale of the decree.

4. DEFAULT JUDGMENTS—*Decree Ordering Sale of Defendant's Land Later Modified by Another Decree—Waiver of Terms of Sale in Deeds of Trust—Case at Bar.*—The instant case was a suit against defendant to subject his real estate to the payment of a judgment lien in favor of complainant. The court entered a decree appointing commissioners to sell three parcels of land owned by defendant. This decree sets forth the terms of sale, which were different from the terms of sale in deeds of trust upon two of the parcels. At a subsequent term of the court another decree was entered for the benefit of the defendant, modifying the former decree. Defendant contended that the first decree was as to him a decree by default. By reference to the second decree, it was manifest that defendant knew the terms of sale embodied in the first decree, because the second decree, entered for the benefit of defendant, modified that decree. Therefore, the second decree was a waiver on the part of the defendant of his reliance on the terms of sale set forth in the two deeds of trust upon two of the parcels of land in question.

*Held:* That there was no merit in defendant's contention that he had not consented to the change in the terms of sale.

Appeal from a decree of the Circuit Court of Montgomery county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*C. R. McCorkle,* and *Harless & Colhoun,* for the appellant.

*Jordan, Roop, Sowder & Dalton,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

In November, 1925, J. E. Peterson filed his bill in

the Circuit Court of Montgomery county against appellant. The object of this suit was to subject the real estate of appellant to the payment of a judgment lien in favor of Peterson.

At the succeeding rules the Union Central Life Insurance Company filed its petition alleging that it was a lien creditor of appellant in the sum of $8,000.00, by virtue of a certain deed of trust which it held upon one hundred and ninety-four acres of land owned by appellant; that said deed of trust is the first lien on the property which was conveyed thereby.

Upon the call of the cause for hearing, it appearing to the court that all parties defendant had been served with process and had filed their respective answers, the cause was referred to a commissioner, who, after ascertainment of all liens against the lands of appellant and the order of their priority, made a report setting forth said liens and also reporting that the land would not rent for a sufficient sum to discharge the indebtedness against it within five years.

There being no exception to the report of the commissioner, the same was in all things confirmed. Thereupon the court entered a decree appointing R. L. Jordan, of counsel for Farmers and Merchants Bank, a deed of trust creditor, A. I. Harless, of present counsel for appellant, and H. J. Phlegar, of counsel for Union Central Life Insurance Company and one of the trustees in the deed of trust, commissioners to sell three parcels of land containing one hundred and eighty acres, eleven acres and thirty acres respectively.

After setting forth the terms of sale and making provision for the execution of bond by the commissioners, the decree further provided that the sale should be conducted as follows: "At such auction sale, the above

mentioned two tracts of 180 acres and eleven acres shall be offered together at first, next the thirty-three acres shall be offered alone, and then all the three tracts shall be offered together."

This decree was entered at the February term, 1926. At the April term of court, the following decree was entered: "This cause came on this day to be further heard upon the papers formerly read, the statement of counsel with reference (to) about fifty acres proposed to be cultivated in corn for the present year; about fifteen acres to be sown with soy beans and peas, and a small crop of millet, on the farm in the bill and proceedings mentioned, the said George E. Webb proposing to plant and cultivate said crops, together with the aid of any tenants he may select, upon terms of one-half of said crops to the said George E. Webb and tenants and the other half to the purchaser of the farm in case same is sold under the decree entered at the former term of this court, the said George E. Webb and tenants, if any, to bear all expenses of cultivating and gathering said crops; upon consideration of all of which, it is adjudged, ordered and decreed that the decree entered at the February, 1926, term of this court be amended so as to permit the commissioners to sell said farm subject to the right of the purchaser to obtain one-half of the said crops and the other half to go to the said George E. Webb or his tenants."

Pursuant to these two decrees a sale was conducted by Commissioners Harless and Phlegar, who made their report to the court containing this statement: "The thirty-three acres was first offered for sale, and the Farmers and Merchants National Bank of East Radford, Va., offered $950.00 as the highest bid for same. The 191 acres was next offered for sale, and the highest

bid, namely, $7,750.00 for same, was submitted by the Union Central Life Insurance Company of Cincinnati, Ohio. The said bank has, by a deed of trust, the first lien on the thirty-three acres and the second lien on the 191 acres. The Union Central Life Insurance Company has a first lien deed of trust on the 191 acres alone. The two tracts of land were finally offered together, and for them F. B. Sale submitted the highest bid, namely, $8,900.00."

The Union Central Life Insurance Company filed certain exceptions to the report of sale, which need not be noticed, as the exceptor is not here complaining of the action of the chancellor in overruling its exceptions.

Appellant filed exceptions to the report, which were overruled by the chancellor. These exceptions are relied upon as assignments of error and are as follows: "(1) The court erred in decreeing a sale of all three parcels of land as a whole; (2) the court erred in decreeing a sale of the real estate on terms different from the terms fixed in the mortgage and deed of trust."

[1, 2] There is no merit in the first assignment of error. Unless controlled by the terms of the deed of trust or such like instrument, it is the well settled practice in this jurisdiction for the court, if of opinion that it will redound to the benefit of the debtor to sell land first in parcels and then as a whole, to so decree. Of course this action of the trial court is subject to review by the appellate court.

It is in the interest of both the debtor and the creditor that the fullest sum be realized from the sale. The efficacy of this rule is demonstrated in the instant case. By selling the property as a whole, after offering same in parcels, it brought an increased price. Why the debtor should complain we are unable to perceive. What better proof could there be that the action of the

chancellor was not an abuse of the discretion vested in him?

In *Gilbert* v. *Washington, etc., Railroad Company*, 33 Gratt. (74 Va.) 610, which involved the sale of a railroad, the question was whether to sell the line of railroad by sections and divisions, in accordance with the mortgages on the several divisions, or to sell the whole as an entirety and to distribute the proceeds of sale among the lien holders according to equitable principles of distribution. The trial court decreed a sale of the road as an entirety and this court held that the decree should be affirmed.

In *Long* v. *Weller's Ex'or*, 29 Gratt. (70 Va.) 358, which involved a question similar in principle to the question herein involved, Judge Burks, Sr., said: "In ordering a sale of property to satisfy a charge upon it, if partition be practicable and would not be injurious, and a sale of a part will produce means sufficient to satisfy the charge upon the whole, certainly such part only should be sold. But whether it be necessary to sell the whole subject, or a part only, and if a part, whether the cutting off of that part will not materially impair the value of what remains, and of the whole, then whether it would be more advantageous to sell it altogether or in parcels, and if in parcels, what number there should be, how they should be laid off and in what order sold, are questions (and there are numerous others of a like character) which must of necessity be left for determination to the sound discretion of the chancellor who orders the sale. This court will supervise the exercise of this discretion by the chancellor, but will, in no case, reverse his action in the matter, unless plainly erroneous."

In *Johnson, Trustee* v. *Wagner and Sons*, 76 Va. 593, the doctrine laid down in *Long* v. *Weller's Ex'or*, *supra*, is approved. See also *Glenn* v. *Blackford*, 23

W. Va. 185; *Fidelity Ins. Co.* v. *Shenandoah V. R. Co.*, 32 W. Va. 244, 9 S. E. 180.

[3] We come now to a consideration of the second assignment of error, which assails the action of the chancellor in decreeing a sale of the real estate on terms different from the terms fixed in the two deeds of trust. To sustain his contention that the court erred in its decree, reliance is placed by appellant upon *New York Life Insurance Company* v. *Kennedy*, 146 Va. 197, 135 S. E. 882, and the authorities cited therein. The doctrine there laid down is hereby approved, but it has no application to the instant case. In this case no complaint was made by appellant before sale as to any change in the terms of sale under the deed of trust. Nor was any complaint made by the deed of trust creditors. The chancellor was well warranted in presuming that all parties were consenting to the terms of the decree. As heretofore stated, counsel representing apparently every interest were appointed commissioners to make the sale.

[4] Appellant contends, however, that as to him the decree entered in February was a decree by default. We do not concur in this contention. By reference to the April decree, *supra*, it is manifest that appellant knew the terms of sale embodied in the February decree, because the April decree, entered for the benefit of appellant, modifies that decree. The April decree was a waiver on the part of appellant of his reliance on the terms of sale set forth in the two deeds of trust.

No injustice whatever has been done appellant in the decree complained of; on the contrary, he has been enabled thereby to decrease his indebtedness in the sum of two hundred dollars.

The decree of the circuit court is plainly right and will be affirmed.

*Affirmed.*