**76 So.2d 377**

## SUCCESSION OF Barney FERTEL

v.

## Rodney FERTEL et·al.

No. 41311.

March 22, 1954.

On Rehearing Nov. 8, 1954.

Benjamin Y. Wolf, Ellis C. Irwin, Benjamin Washastrom, New Orleans, for appellant.

Leon S. Cahn, New Orleans, for defendant and appellee.

Montgomery, Barnett, Brown & Sessions, Walter M. Barnett, Albert B. Koorie, New Orleans, for plaintiff and appellee.

McCALEB, Justice.

This is an action for a partition by licitation of ten parcels of improved real estate situated in the city of New Orleans, having an appraised value of $1,850,000. The property is owned in indivision by the Succession of Barney Fertel (on whose behalf the suit is brought by its dative testamentary executor), Mrs. Nettie Fertel, wife of Harry Warren, Mrs. Annie Fertel, wife of Leon Buhberg and Rodney Fertel. Joined as defendants, in addition to these co-owners, are David J. Pailet, tutor of Sheppard and Isidore Fertel, the minor children of the late Barney Fertel, and his surviving daughter, Mrs. Bluma Fertel, wife of Melville Wolfson.

After alleging that the properties are not divisible in kind and that it is neces-

sary that they be sold for the purpose of settling certain debts of the late Barney Fertel, the petitioner prayed for a judgment decreeing a partition by licitation and that the sale be made by an auctioneer appointed by the court to the last and highest bidder "upon such terms as the Court may fix in order to effect a partition".

In due course, David J. Pailet, tutor of the minors Sheppard and Isidore Fertel, appeared and admitted in substance the allegations of the petition and prayed for judgment in favor of the dative testamentary executor of the Succession of Barney Fertel "ordering the property to be sold and partitioned as prayed for by him * * *". Certain other defendants resisted the action but, after a hearing, their complaints were rejected [1] and there was judgment decreeing a partition by licitation as prayed for and setting forth the mode by which it was to be effected. This judgment, which was rendered on March 3, 1953, ordered that each of the ten properties be sold separately to the highest bidder with the exception of the adjoining properties, 1036 Canal Street and 114 South Rampart Street and 118 South Rampart Street, which were to be offered en masse and, after being thus offered, they were to be again offered in globo with the adjoining property located at No. 1028 Canal Street, the auctioneer being instructed to accept the higher of the aggregate of the separate bids by parcels or the bid as a whole and "* * * to adjudicate same to the highest bidder or bidders, as the case may be".[2]

The judgment was signed on March 9, 1953 and, within the delay allowed by law, Pailet filed a motion for a suspensive appeal to this court. Upon refusal of the judge to sign the order of appeal, he applied here for a writ of mandamus. An alternative writ was issued and thereafter the judge, conformable with our instructions, granted the appeal, which has since been perfected and is presently submitted for our decision.

The complaint of Pailet is that the judge erred in ordering that any parcels of real estate be sold other than separately and also that he was without right to instruct the auctioneer to offer the property No. 1028 Canal Street in globo with the property bearing Nos. 1036 Canal Street and 114 South Rampart Street and that numbered 118 South Rampart Street, and to accept the highest bid of such offering,

---

1. These parties have not appealed.

2. The judgment also provided that the property numbered 200 South Rampart Street and that numbered 204–06–08–10 South Rampart Street be offered separately and thereafter en masse and that the same be adjudicated to the higher of the aggregate of the separate bids by

parcels or as a whole. No particular objection is made to this portion of the judgment. However, if the complaint of appellant concerning the dual method of offering the properties is valid, the portion of the judgment affecting these properties would necessarily be subject to annulment.

if that bid exceeded the aggregate of the highest bid for 1028 Canal Street and the highest bid for 1036 Canal, 114 South Rampart and 118 South Rampart.

■ Appellee denies the validity·of this contention and, at the outset, maintains that we should not even entertain the appeal because appellant has acquiesced in the judgment by pleading in his answer for the granting of the prayer of the petition for a partition sale of the properties "upon such terms as the court may fix". He also suggests that appellant's protest should not·be considered as he failed to raise the issue in the lower court by filing an application for a rehearing.

We do not regard these objections to be well founded. In the first place; it will not do to say that appellant acquiesced in *any* judgment the trial court might have rendered merely because he joined in appellee's prayer for a partition by licitation on such terms as the court might fix. Implicit in such a prayer is the condition that the terms fixed by the court are to be legal and that the discretion vested in the judge will not be abused.

■■ Furthermore, we know of no law requiring that an aggrieved litigant apply for a new trial or a rehearing in a civil suit as a condition precedent to the taking of an appeal. And, while a contention neither pleaded nor passed on by the district court will not be considered on appeal, Weingart v. Delgado, 204 La. 752, 16 So.2d

254; Crichton v. Lee, 209 La. 561, 25 So.2d 229 and Dobrowolski v. Dobrowolski, 215 La. 1078, 42 So.2d 760, this rule is inapplicable in this case because the trial judge has heretofore examined appellant's complaint. This is shown by the proceedings No. 41,216 of our docket, bearing the same title as this suit. There, in his return the appellant's application for a writ of mandamus to compel him to grant a suspensive appeal, the judge sets forth that appellant appeared before him prior to the signing of the judgment and complained of the method adopted by him for the sale of the properties and he heard these objections in the presence of all parties and overruled them.

Hence, we pass on to a consideration of appellant's complaint. Substantially his claim is that, in partition sales such as this, all parcels forming distinct properties should be sold separately in order to attract the greatest number of bidders and also that the method of offering certain properties separately and then in globo is improper. The case of Grouchy v. Williams, 161 La. 909, 109 So. 545, is said to sustain this position.

There is no inflexible rule governing the manner of offering parcels of real estate for sale in effecting a partition by licitation. Each case must depend upon its own particular facts with due consideration being given to the nature of the properties, their relation to each other, their location and the like. Determination of these matters is vested, under Article 1336 of our LSA–Civ-

il Code, in the District Judge upon whom rests the duty of regulating the sale in the manner most convenient and advantageous to the interested parties. That article provides:

"The judge who decides on a suit for a partition and on the mode of effecting it, *has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs,* in conformity, nevertheless, with the following provisions." (Italics ours.)

In Grouchy v. Williams [161 La. 909, 109 So. 547] the court, while recognizing the province of the judge under Article 1336 to regulate the mode of effecting a partition by licitation, pointed out that he must exercise this prerogative " * * * in the manner which appears most advantageous for the *general interest* of the co-owners" and that his action in the premises is subject to review.[3]

In the case at bar, appellant assails that portion of the judgment directing the property numbered 1036 Canal and 114 South Rampart Street to be sold in globo with 118 South Rampart and then orders that these two properties be sold as a whole with 1028 Canal Street. These parcels are located in the business district of New Orleans; they adjoin each other and the commercial buildings erected on the land are rented to third persons.

The property 1036 Canal Street and 114 South Rampart Street is one parcel, fronting 28.74 feet on Canal Street and 127.88 feet on South Rampart Street. The portion fronting on Canal Street is occupied by a drug store under a month to month lease; the rear portion of the property, bearing No. 114 South Rampart Street, is occupied by Reiner's Loan Company under a lease, expiring at the end of 1962, for that building and the second floor of the property 118 South Rampart Street, which adjoins 114, having a frontage on South Rampart Street of 23.16 feet by a depth of 125.2 feet. The ground floor of 118 is occupied by a Mr. Phillips. Because of the lease in favor of Reiner covering 114 and the second story of 118 South Rampart Street, which carries a monthly rental of $1,333.33, the judge concluded that it would be impossible to sell the two properties separately as no one would be interested in bidding separately on properties burdened with one lease.

No sound criticism can be levelled at the judge's decision respecting these particular properties. Certainly nothing has been suggested by appellant to show that their sale in globo is not to the best advantage of the co-owners. The real objection of appellant is to the offering of these two

3. It was there held that the judge erred in ordering the two tracts of land which were intersected by a public highway to be sold in globo rather than in separate parcels.

properties in globo with No. 1028 Canal Street after that property has been offered separately.

Appellant says that the method of offering parcels of property at judicial sale separately, reserving the highest bids, and then offering them as a whole with the proviso that the highest bid of such offering will be accepted, if it exceeds the aggregate of the highest bids of the separate offerings, tends to stifle competition because those wishing to bid on the parcels separately are reluctant to do so as they know their bids will not be final and that persons financially able to bid in globo will refrain from bidding, when the properties are offered separately, in order to enable them to obtain the properties at a lower price, when they are offered in globo. However, no attempt has been made by appellant to submit expert evidence to establish the correctness of his contention. Therefore to adopt this view, would require that we accept the statement of his counsel, unsupported by authority, that this method of offering property for sale is necessarily detrimental to competitive bidding and will be disadvantageous to the co-owners.

An independent investigation by us of the applicable jurisprudence has disclosed that the method of offering two or more parcels of land, first separately and then en masse, has been unanimously approved and those courts, which have considered the matter, have not found it to the disadvantage of the parties affected by the judicial sale. The rule is stated in 31 Am.Jur., Verbo "Judicial Sales", Section 81, page 442, thus:

"So, also, the officer may ordinarily offer the property in separate tracts, and then as a whole, and accept the latter bid if greater than the aggregate of the bids upon the separate tracts. The facts of each particular case must be considered and that mode adopted which seems best calculated to bring the largest return".

To the same effect is 35 C.J. Sec. 48, pages 36 and 37 and 50 C.J.S., Judicial Sales, § 20, pages 603 and 604. See also Union Trust Co. of New York v. Illinois Midland R. Co., 117 U.S. 434, 6 S.Ct. 809, 29 L.Ed. 963; Vollum v. Beall, 117 Md. 617, 83 A. 1095, Ann.Cas.1914D, 16; In re Haywood Wagon Co., 2 Cir., 219 F. 655, 135 C.C.A. 391; Miller v. Trudgeon, 16 Okl. 337, 86 P. 523; Vanmeter v. Vanmeter's Assignee, 88 Ky. 448, 11 S.W. 80, 289; Webb v. Peterson, 148 Va. 718, 139 S.E. 249 and Godchaux v. Morris, 5 Cir., 121 F. 482, 57 C.C.A. 434. Accordingly, in the absence of proof to the contrary and in view of the concurrence of opinion of other courts that the method is acceptable, it would be presumptuous on our part to conclude that the trial judge has abused his discretion in ordering the sale to be conducted in this fashion.

Counsel for appellant also assert that the method fixed by the judge for offering the properties will prevent him from participat-

ing in the bidding on behalf of the minors because, whereas they have the right, under Articles 1343 and 1344 of the LSA–Civil Code, to become the purchasers of the hereditary effects at the partition sale by paying only the surplus of the purchase money over the portion coming to them, the minors' share in their father's estate is so small in comparison to the value of the property offered in globo that, even with the use of their inheritance, he would be unable to compete.

There are many answers to this contention. Primarily, the fact that the minors' inheritance is too small to enable their tutor to become a competitor in the bidding on the properties offered in globo is of no consequence, if the method adopted by the judge is not to the disadvantage of the co-owners. Indeed, we know of no reason why appellant should compete at all unless he so desires. The sale is not being made for the purpose of enabling the minors to acquire a particular parcel; it is for the interest of all the co-owners and its object is to dispose of the common property for the highest price that can be obtained.

Moreover, the Articles of the LSA–Civil Code, 1343, 1344 and 2625, which permit the co-heirs to use their inheritances as an offset against their bids at the sale of the hereditary effects, apply only to the partition of the property of a succession. They are not appropriate in a case like this involving a partition sale by co-owners in which a succession happens to be one of the co-owners. Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426 and cases there cited.

The judgment appealed from is affirmed.

MOISE, Justice (dissenting).

I respectfully dissent because of the well-known pronouncement that the office of a judge is jus disere, not jus dare—to interpret law, not make law or give law.

When our learned Brother below, over the objection of the minors, ordered that each of the ten properties be sold separately to the highest bidder, *with the exception of the adjoining properties 1036 Canal Street, and 114 South Rampart Street and 118 South Rampart Street, which were to be offered en masse, and after being thus offered they were to be again offered in globo with the adjoining property located at 1028 Canal Street, this procedure was* not authorized by any article of the Code, nor does our search reveal that there is any decision of this Court so to do.

We, sitting as a court, must always be mindful of the danger of having a theoretical concept established as fixed rules of law. That is what has been done here in the majority decision, and to bolster up that decision reference is made to Article 1336 of the LSA–Civil Code by providing that he

"* * * regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, * * *."

but the last clause nullifies the construction given by the Court. It reads:

"\* \* \* in conformity, nevertheless, with the following provisions." *Of the Code.*

It is stated in the majority opinion that the judge exercised his discretion. The exercise of a discretion is defined in Webster's dictionary as:

"The latitude of decision within which a court or judge decides questions arising in a particular case, according to the circumstances and according to the judgment of the court or judge, *not expressly controlled by fixed rules of law, \* \* \**". (Italics ours.)

The fixed rules must be "in conformity, nevertheless, with the following provisions." Of the Code.

This Court has set at rest the interpretation of this article when it made the following pronouncement:

"When co-owners cannot agree upon a partition of property which they own in common, a judicial partition becomes necessary, and if one of them demands it by suit, it then becomes the duty of the judge before whom the case is tried to determine the method of making it; that is, whether it shall be made in kind or by licitation." Raceland Bank & Trust Co. v. Toups, 173 La. 742, 743, 750, 138 So. 652, 655; Lasyone v. Emerson, 220 La. 951, 57

So.2d 906; Dobrowolski v. Dobrowolski, 215 La. 1078, 42 So.2d 760; Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426; Walker v. Chapital, 218 La. 663, 50 So.2d 641.

In Cameron v. Lane, 36 La.Ann. 716, the Court said that:

"\* \* \* the judge may appoint experts on the filing of a petition to ascertain and report whether the property can or cannot be conveniently divided in kind."

In the Succession of Dumestre, 40 La. Ann. 571, 4 So. 328, the Court held that a sale can be ordered only upon "proof that the property cannot be conveniently divided in kind."

Article 1339 of the LSA–Civil Code reads:

"When the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law and in the manner hereinafter prescribed."

The authorities and quoted Article of the Code are an affirmative of the position taken in this dissent.

Thus, we see the limit of the power of a judge to name experts is—

(a) To see if the property cannot be divided in kind; and

(b) To name experts or appraisers to determine and fix the value of the property.

But, in the case here, and such is my understanding of the record, after the manner in which the partition should be made by licitation, the court called in experts to determine if his discretion "in ordering, as shown supra", was customary or wise. There is no authority to call in experts, except in above cited instances, neither in the code nor in decisions, and particularly is this true after a determination of a partition by licitation.

The Code even provides that in order to determine whether there should be a cash or credit sale, a family meeting must be convoked to determine the terms of credit that is to be authorized. Article 1341 of the LSA–Civil Code; Succession of Morgan, 12 La.Ann. 153; Succession of Richardson v. Heirs of Richardson, 52 La.Ann. 1402, 27 So. 890; Fix v. Koepke, 44 La. Ann. 745, 11 So. 39.

The order given by our learned Brother below will not be shown to be granted in Chapter 12 of the Revised Civil Code, relating to partitions, nor will it be found in the subdividing sections of such general headings of 1, 2, 3, 4, 5, 6 and 7.

I do not doubt the sincerity of any judge nor of any court. They have a right to their opinion, but I must be governed by a concept of my own duty, and to reach a conclusion for dissent, I should take into consideration that minors are objecting, that the parties do not agree, that the property is inventoried at $1,800,000, and that such a procedure would deter bidders, because few would be able to make a bid in globo and few could raise such an amount of money for the entire property or the most desirable pieces; the only one who could do so is the opulent. Therefore, I am considering the enterprising ambition of human nature to further extend wealth, the uncertainty of evidence of interested witnesses, the exercise of a discretion not provided for in the Code nor stabilized as to its justice by any decision of this Court, and the countless shadows that dim and darken the understanding; and if the experiment is permitted, it may cause injury to the minors that cannot be righted.

I respectfully dissent.

On Rehearing

FOURNET, Chief Justice.

We have under reconsideration[1] the judgment of the lower court ordering a partition by licitation at public sale of ten pieces of property in the city of New Orleans, owned in indivision by the Succession of Barney Fertel with Rodney Fertel, Mrs. Nettie Fertel Warren, and Mrs. Annie Fertel Buhberg, wherein each of the properties

1. Inasmuch as the facts and the pleadings have been given fully in the original opinion, repetition here is not necessary.

was to be offered separately except items 5 and 6,[2] which were to be first offered together, and then in combination with item 4,[3] and the auctioneer was instructed to accept the higher of the aggregate bids by parcels or the bid as a whole; the same procedure was to be followed in the case of items 7 and 8,[4] these to be first offered separately and then together. From this judgment an appeal was perfected by David J. Pailet, the tutor of the minor heirs of the deceased Barney Fertel and also the administrator of the succession of his widow, Mrs. Fannie J. Pailet.

When the case was before us originally the majority view held, in effect, that the right is given the trial judge, under the provisions of Article 1336 of the LSA–Civil Code, to regulate the mode of sale as may appear to him most convenient and most advantageous to the co-owners; that the appellant, having failed to establish through expert testimony that the offering of the property first in separate parcels and then offering it in combination units of various parcels or en masse, with directions to the auctioneer to accept the higher of the separate bids by parcels or the bid as a whole, is detrimental to competitive bid-

ding and disadvantageous to the co-owners, there is no valid basis for our holding that he abused his discretion. Moreover, this procedure was said to have been unanimously approved by the courts of other jurisdictions, which had considered the matter and not found it to be disadvantageous to the parties affected by the sale.

In his application for rehearing the appellant contends (1) that under our Revised Civil Code and the jurisprudence interpreting the same, discretion is granted the trial judge, first, in the matter of determining the method or manner of partition, i. e., whether it is to be in kind or by licitation, and if the latter, he is then given only the additional discretion to determine whether the sale is to be for cash or on credit; (2) that inasmuch as the only issue before the trial court, as reflected by the pleadings, was whether the partition was to be by licitation or in kind, the procedure ordered by the Court's judgment was unanticipated, since there was in fact no evidence of any kind to support the advisability of such method of sale prior to the rendition of the lower court's judgment; and (3) that the cited authorities from other jurisdictions are not controlling here in view of our spe-

2. Item 5 bears municipal number 1036 Canal Street and has a frontage of 28.74 feet on Canal by a depth of 127.88 feet on S. Rampart, the back portion thereof being rented separately as municipal number 114 S. Rampart. Item 6 bears municipal number 118 S. Rampart and adjoins 114 S. Rampart; it has a frontage of 23.16 feet on S. Rampart by a depth of some 123 feet.

3. This property at 1028 Canal Street adjoins 1036 Canal Street and has a similar depth, but a frontage on Canal of 57.5 feet.

4. These properties adjoin on S. Rampart Street and bear municipal numbers 200–04–06–08–10.

cific codal provisions governing such matters, and in any event a review of the authorities relied on will show that they are not only inapposite from a factual and legal standpoint but announce an exception to the general rule, which is to the contrary.

The sole issue presented below was whether the partition was to be in kind or by licitation. The question of whether the property is divisible in kind, as contended by some of the defendants below, has passed out of the case and no complaint is made on that issue here, the only question now being whether the judge, in exercising his right "to regulate this mode [of effecting the partition] as may appear to him most convenient and most advantageous for the general interest" of the co-owners, Article 1336, LSA–Civil Code, had the right to order certain parcels to be offered first singly, and then en masse, with acceptance of the higher of the aggregate of the separate bids by parcels or the bid as a whole. An examination of the record discloses that no evidence at all was introduced on that subject during the trial of the case.[5]

 It is to be observed that appellant has correctly stated the well-settled jurisprudence of this State, that while authorities from other jurisdictions are persuasive, they are never controlling when we have positive law on the subject. More-over, a further examination reveals that (as contended by appellant) the authorities cited in our opinion an original hearing as sustaining the mode of sale decreed by the trial court were neither apposite from a factual and legal standpoint nor was the general rule quoted, which is to the effect that: "As a general rule, where real property susceptible of division is the subject of a judicial sale, it should, if practicable, be sold in parcels or lots, rather than en masse", 31 Am.Jur., Judicial Sales, Sec. 81, p. 441; and "The most usual method, where the property to be sold is susceptible of division, is to offer it in parcels, * * * for the reason that it is to be supposed that the highest price will be realized by selling in this manner * * *." 50 C.J.S., Judicial Sales, § 20.

Under our civil law system, "No one can be compelled to hold property with another," and except when the contrary has been agreed upon, any co-owner may demand the division of the thing held in common by the action of partition, Article 1289, LSA–Civil Code; and all rules established for the partitioning of succession property, with the exception of those which relate to collation, are applicable to partition between co-proprietors of the same thing. Article 1290. In Chapter 12, Section 3 of the Code, under the title "In What Manner the Judicial Partition is Made", it

---

5. The only evidence that would throw some light on the subject was taken more than a month after rendition of the judgment, on a hearing to fix the amount of the appeal bond.

is declared: "If * * * the heirs are not present, if there be among them minors or persons interdicted, or if all the heirs of age and present do not agree to the partition or on the manner of making it, it shall be made judicially and in the form hereinafter prescribed." Article 1323. The partition is said to be judicial when "it is made by the authority of the court, and according to the formalities ·prescribed by law." Article 1294. Some of the formalities prescribed are that it "shall be preceded by an inventory, in which the effects to be divided shall be appraised, according to the form prescribed for public inventories", 'Article 1324, which shall serve as the basis of the partition. Article 1325. "The action of partition and the contestations which may arise in the course of the proceedings, are to be brought before the judge of the place where the succession is opened * * *" Article 1327, or "before the judge of the place where the property to be divided is situated", Article 1290, in the case of property held in common by several persons, some of whom are not involved in the succession, see, also, Article 1308. And in Article 1336 (the one relied on by the appellees) it is provided: "The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, in conformity, nevertheless, with the following provisions."

A study of Article 1336 in connection with other related articles of the Code will readily disclose the authority there conferred upon the judge is limited. The article plainly states that "The judge who decides on a suit for a partition and on the mode of effecting it," that is, whether the partition is to be by licitation or in kind, "has a right to regulate this mode"; the clause following, "as may appear to him most convenient and most advantageous for the general interest of the co-heirs" is qualified by the provision "in conformity, nevertheless, with the following provisions." An examination of the articles following, 1337 to 1346, both inclusive, in so far as they are pertinent here, will show that only three of them, Articles 1339, 1345 and 1346, are applicable. Article 1339 provides that "When the property is indivisible by its nature, or when it can not be conveniently divided, *the judge shall order* * * * on proof of either of these facts, *that it be sold at public auction* * * * *and in the manner hereinafter prescribed."* (Emphasis supplied.) Under the provisions of Article 1345 the judge who has ordered the partition and thus regulated the manner in which it shall be made, "* * * shall refer the parties to the recorder of the parish or a notary appointed by him to continue the judicial partition to be made between them", while Article 1346 simply authorizes the parties to a partition proceeding, if of age and present, to continue their partition amicably even though the judge has fixed the mode of making it.

Of the remaining articles, Article 1337 gives the right to a co-heir to demand in kind his share of the movables and immovables *of the succession,* except under certain conditions, while Article 1338 treats of mortgage liens and privileges affecting the property to be partitioned, whether in kind or by judicial partition, and the manner or mode of giving effect to these rights. Article 1340 provides: "It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it", and Article 1341 simply authorizes the judge to order the sale to be made on certain terms of credit and on proper security when the *effects of a succession* are to be sold to effect a partition and the heirs of the deceased are absent, minors or interdicted (except when the payment of the debts requires that the sale be made for cash), while the next articles declare that any co-heir of age and present has the right (1) to demand and receive his share in cash, less 8%, upon demanding that a portion of the property be sold for cash, Article 1342, and (2) to become a purchaser of the *hereditary effects* to the amount of the portion owing to him from the succession, Article 1343. This latter right is also given to minor co-heirs, under certain conditions. Article 1344.

In view of the fact that the manner of conducting the sale directed by the district judge was never at issue in this case, and there is no evidence to support the same, the trial judge was clearly without authority to order the sale of the property in a manner other than as listed in the inventory and suggested in the petition—all parcels forming distinct properties being listed therein as separate items.

The case of Kieran v. Lynch, 112 La. 555, 36 So. 588, 589, which is relied on by the appellees in this application for rehearing, does not support their contention that the majority opinion is correct, but rather supports the conclusions hereinabove reached. In that case certain city property which was to be sold to effect a partition had originally been two lots of about equal size, and the judge a quo ordered the property sold as two lots. In setting aside the judgment in so far as it directed the property to be sold separately instead of as one lot, this Court observed: "We find no justification for this in the evidence. The property is being held and used as one lot, and should be sold as such."

Counsel for the appellee argues that evidence should be considered which was introduced on the hearing before the trial court following the rendition of the judgment; that we should not close our eyes to this helpful testimony, but should follow the example of the Court of Appeal, Second Circuit, in the case of Valentine v. Southern Advance Bag & Paper Co., Inc., 20 So.2d 814, by taking note of the opinion of the real estate experts concerning the most advantageous procedure for the sale of this prop-

erty, and that this can be done without doing violence to appellant's rights even though such testimony was taken after judgment and not before. This argument has no merit; the testimony was adduced for the sole purpose of fixing the amount of the appeal bond, and even then was admitted over appellant's objection on the ground that the bond should be for costs only. And while this testimony would appear to be good cause for remanding the case, which we would readily do—particularly with respect to the joint sale of items 5 and 6, as it appears from the evidence in question that these two properties have complicated lease arrangements—nevertheless in as much as the appellees have requested that the case be not remanded even if we do not agree with their views, we shall dispose finally of the matter.

For the reasons assigned, the judgment appealed from is amended by decreeing that the taxes for the year during which the sale is made are to be prorated between the respective purchasers and the vendors as of the date of the act of sale, all taxes accruing for the years prior thereto to be paid by the vendors; and by deleting therefrom that part which is hereby expressly reversed and annulled: "* * * except those properties in paragraphs 5 and 6 shall be offered together. Thereafter, property described in paragraph 4 with that described in paragraphs 5 and 6 shall be offered as a whole. The said auctioneer is directed and instructed to accept the higher of the aggregate of the separate bids by parcels or the bid as a whole, and to adjudicate same to the highest bidder or bidders, as the case may be. Likewise, he shall first offer separately those parcels of property described in the hereinabove paragraphs 7 and 8 and immediately thereafter offer them as a whole, and adjudicate same to the higher of the aggregate of the separate bids by parcels or as a whole," and substituting therefor the words: "and adjudicated to the highest bidder." In all other respects the judgment is affirmed.

HAMITER, Justice, suggesting a remand of the cause.

Notwithstanding appellees' request to the contrary, and in view of the majority conclusion that the testimony adduced in the trial court following rendition of the judgment cannot be considered by us (with which I find no fault), the cause should be remanded for the purpose of receiving that and other helpful evidence relating to the most advantageous procedure to be followed in the sale of the property—all pursuant to the provisions of Code of Practice Article 906. This Article provides: "But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either *because the parties have failed to adduce the necessary testimony*, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions

as to the testimony which it shall receive, to the end that it may decide *according to law."* (Italics mine.)

McCALEB, J., dissents adhering to the views expressed in the original opinion.

HAWTHORNE, J., dissenting.

I am of the view that the opinion of this court rendered on original hearing is correct.