# MARIE A. VOLLUM *vs.* MARTINA BEALL AND THE UNION TRUST CO. OF WASHINGTON, D. C.

*Trustees' sales: inadequacy of price; opinions of witnesses; ratification of sales, appeals; questions considered; parties to the decree; knowledge of proceedings.*

Mere inadequacy of price, standing alone, is not sufficient to invalidate a judicial sale, unless it be so gross and unreasonable as to indicate misconduct, fraud or unfairness on the part of the trustee.                                                    p. 620

Difference of opinion among witnesses as to the value of the property furnishes no proper ground for disturbing a sale fairly made if the trustee acted in entire good faith in making the sale.                                                         p. 620

On appeal from an order ratifying a sale made under a decree, it was *held,* that the proof did not sustain the contention of the exceptant, that the price for which the property sold was grossly inadequate.                                           p. 620

By agreement between the solicitors in proceedings for the sale of certain lands it was agreed that the several tracts in controversy should be sold, each one to be taxed with its proper proportion of costs and with certain charges, and the balance of the proceeds divided among the parties in interest as set forth in the agreement. The land was first offered in separate lots and then offered and sold as one tract; the whole tract selling for more than the aggregate of the separate bids. On appeal from the order ratifying the sale it was *held,* that the agreement did not prohibit the sale of the parcels in one tract and that the bids for the property when offered separately, under the facts of the case, furnished a proper basis for distribution of the purchase money under the agreement and decree.                                              p. 621

On an appeal from an order overruling exceptions to the ratification of a sale, objections to the jurisdiction of the Court in decreeing the sale will not be considered.     p. 622

Parties to a decree are concluded by it until it is set aside or reversed on appeal.     p. 622

The objections of a party to the ratification of a sale because she had no knowledge of the proceedings, and because she had not assented to an agreement made for her by her attorney, *held,* not to be sustained by the proof.     p. 623

*Decided March 26th, 1912.*

Appeal from the Circuit Court for Frederick County (Peter, J.).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Burke, Pattison, Urner and Stockbridge, JJ.

*Milton G. Urner* (with a brief by *Urner & Urner*), for the appellant.

*John S. Newman,* for the appellee.

Briscoe, J., delivered the opinion of the Court.

The original bill, in this case, was filed on the 11th day of January, 1910, in the Circuit Court for Frederick County by the appellant against the appellee, to declare a certain deed from them to their mother, Josephine R. Beall, deceased, a trust, and for a sale of the real estate, described therein, and the distribution of the proceeds of sale equally between them.

Subsequently the bill was so amended, as to include in the proceedings for sale, two other tracts of land, owned by the plaintiff and the defendant, Martina Beall, as tenants in common, for purposes of partition.

The appellant, Marie A. Vollum, and the appellee, Martina Beall, are the daughters and the only heirs of James H.

Beall, late of Frederick county, deceased. Mr. Beall died in the year 1870, intestate and possessed of the three tracts of land described in the original and amended bills. The first tract contained two hundred and twenty-four acres, the second tract one hundred and six acres and the third tract two and one-eighth of an acre, and the three tracts were contiguous and constituted one farm. Mrs. Beall, the widow, died in the year 1909, leaving a will by which she devised whatever interest she might have in tracts Nos. 1 and 2, to The Union Trust Company of the District of Columbia, to sell and pay over one-half of proceeds of sale to the defendant Martina, and the other half to be paid to the plaintiff, Mrs. Vollum, after the payment therefrom of certain debts due by the testatrix.

On the 30th day of June, 1910, in pursuance of an agreement filed in the case between the plaintiff and defendants, the Circuit Court for Frederick County passed a decree for the sale of all the property mentioned in the proceedings, and directed that the money arising from the sale shall "be disposed of under the agreement filed" in the case. Samuel A. Lewis and John S. Newman of Frederick county, were appointed trustees, to make the sale. The trustees, first offered the three tracts separately at public auction, and reserved the bids, and, then offered the whole tract as one farm, and receiving a higher bid therefor, sold the same in its entirety to the defendant, Martina Beall, for the sum of nine thousand seven hundred and twenty-two dollars and fifty-seven cents, she being the highest bidder therefor.

Subsequently, the sale was reported to the Court and on the 28th of September, 1910, five exceptions and on the 17th of March, 1911, six additional exceptions were filed by the appellant, to its ratification and after proof taken and a hearing, the Court below overruled all of the exceptions, and ratified and confirmed the sale, except as to a small tract of woodland containing seven acres more or less, and designated as "Parcel 4," and as to this tract, the sale was vacated

and set aside. And it is from the order ratifying the sale, that the plaintiff has appealed.

While the ratification of the sale, in this case, is objected to for a number of reasons, those mainly relied upon by the appellant are, first, grossly inadequate price, and the sale was unfairly made; second, that the property should not have been sold in its entirety but as separate farms; third, the want of jurisdiction of the Court to decree the sale and the property was not sold in accordance with the decree; and fourth, because of irregularity in the proceedings.

We have carefully examined all of the exceptions filed and the grounds urged at the hearing of this case, and are unable to find any sufficient reason for vacating the sale. The rule is well settled that mere inadequacy of price standing alone is not sufficient to invalidate a judicial sale, unless it be so gross and unreasonable as to indicate misconduct, fraud or unfairness on the part of the trustee. The difference of opinion among witnesses as to the value of property, will furnish no proper ground for disturbing a sale fairly made and if the trustee acts in entire good faith in making the sale. The proof does not sustain the contention of the exceptant that the price for which the property was sold was grossly inadequate and there is nothing to show that the sale was not perfectly fair, in every respect.

The property was extensively advertised in newspapers, published in Frederick county, in Montgomery county, Maryland, and in Loudoun county, Virginia, and also by handbills largely circulated in the above named places. It was advertised as three parcels of land which had been occupied and used as one farm of three hundred and forty-six acres, two rods and nineteen square perches of land, and that it would be offered for sale, first in three distinct parcels, as described, the bids for which would be reserved, and it would then be offered as a whole and sold in the manner, in which the best price could be realized. The sale was well attended by persons who knew the property and who were able to purchase it, if they thought the property, was worth more

than it brought at the sale reported by the trustees. A copy of the advertisement of sale was sent and received by the appellant about a week before the day of sale and there was no reason why she could not have attended the sale, in person, as she admits she was at that time in the City of New York.

Mr. Belt who testified in behalf of the exceptant and who lived within two miles of the property and who had been agent, in its management, said, it sold for more than he would give for it, "I attended the sale and it got past my price." The testimony of the other witnesses for the exceptant is not satisfactory as to the present value of the land, although some of them testified that some of the parcels were worth more per acre than they brought. The seven witnesses produced on the part of the appellee, testified in effect that the land brought all it was worth. These witnesses were all familiar with the land, several of them owned adjoining properties and attended the sale as prospective bidders.

Nor do we think that the proof sustains the contention that the three tracts should have been sold separately, and not in its entirety as one farm. It was offered in separate tracts, and they brought more as one farm than when offered separately. The mode of advertisement of sale, under the circumstances, could not have affected the price or prevented persons from bidding on the property. There is nothing in either the agreement of counsel as a basis for the decree or in the decree itself which could be construed prohibitive of the mode and method adopted by the trustees for the sale of the property or a departure from the decree itself, in any essential particular, so as to prevent a ratification of the sale.

The bids for the property when offered separately, under the facts of the case, furnish a proper basis for the distribution of the purchase money under the agreement and the decree. The fund can be equitably apportioned among the several tracts as was the principle and method adopted and approved in *Cornell* v. *McCann,* 48 Md. 596.

The third and fourth objections as to the jurisdiction of the Court to pass the decree and the irregularity in the proceedings are without merit, and are not properly before us on this appeal, because presenting matters solely against the ratification of the sale. *Slingluff* v. *Stanley, Trustee,* 66 Md. 220; *Wickes* v. *Wickes,* 98 Md. 307.

The Court, we think, clearly had jurisdiction on the pleadings to pass the decree for a sale of the property, and there is no such departure from the decree as to prevent the ratification of the sale by this Court. The parties to the decree were concluded by the decree until it is set aside or reversed on appeal.

The case of *Kerchner* v. *Kempton,* 47 Md. 568, relied upon by the appellant, is entirely unlike this. In that case, Mrs. Kempton, the appellee, had no counsel, never consulted with a lawyer, and had no knowledge of the agreement for the decree, which was signed by counsel submitting the case for a decree. JUDGE BOWIE, in delivering the opinion of the Court, said there is no evidence of express authority being given by the appellee to the solicitor to represent her and none from which such authority could be reasonably implied. The decree in that case was held to be null and void, because the act of the solicitor, so far as he undertook to represent the appellee, in signing the agreement for decree was unauthorizd, and it was apparent that there was an entire want of jurisdiction of the Court to decree a sale to bind the separate estate of the *feme covert,* Mrs. Kempton.

In the case at bar the original and amended bills were filed on behalf of the plaintiff by Messrs. Samuel A. Lewis and P. F. Pampel, solicitors for the complainant, and an answer thereto filed by Mr. John S. Newman, solicitor for the defendant, Martina Beall. The agreement of counsel, submitting the case for a decree, is dated June 30th, 1910, and is signed by Messrs. Lewis and Pampel, solicitors for complainant, and by Mr. Newman, solicitor for defendant. On the same day the decree was passed appointing Messrs.

Lewis and Newman trustees to make the sale, representing plaintiffs and defendants.

It appears that the agreement is practically in accordance with the compromise the plaintiff authorized her attorneys to make. She testified that Mr. Pampel introduced her to Mr. Lewis and that she recognized him as her attorney; that she visited Frederick City, spent a week there and compromised "it," and gave her sister $800. "I objected to giving her the $800, but to get it out of the Trust Co. I gave it to her." She also testified that it was understood and agreed by her that the property was to be sold, and her sister was to get $800 out of the proceeds. She further testified upon cross-examination in answer to the following interrogatories:

"Q. 27. You authorized your attorney to enter into an agreement by which the land was to be sold, your sister was to be paid $800 out of your portion of it?

A. Anyway, I thought it would be conducted differently.

Q. 28. You say you thought it would have been conducted differently; in what respect?

A. I thought I should have been consulted about the selling; I should have been told to be at the sale; I was not. Mr. Lewis should have notified me to be here at the sale; my sister was here at the sale; she was notified, and they should have told me. I have no experience in this kind of things.

Q. 29. Didn't you receive a copy of the advertisement of the sale about a week before the date of the sale?

A. Yes, sir.

Q. 30. Where were you at that time?

A. I was in New York."

It is impossible to examine the proof in this record without being satisfied that the plaintiff had full knowledge of the proceedings to date of decree, and consented to the agreement filed by her counsel for the sale of the property according to the decree.

The remaining objections to the sale are fully covered by what we have already said, and as we are convinced from the record that the trustees acted in entire good faith in making

the sale, and as there is an absence of proof to sustain the exceptions, the order of Court appealed from will be affirmed.

As to parcel 4, the appellant's exception was sustained and the sale not ratified. The purchaser was allowed a ratable abatement on account of the purchase, and there has been no appeal from this part of the order.

*Decree affirmed, with costs.*