ELLIS et al. v. COOK et al.

No. 34112.   July 3, 1951.

*234 P. 2d 412.*

Orval Grim, Cheyenne, for plaintiffs in error.

Walter H. Foth, Cordell, for defendants in error.

LUTTRELL, V.C.J.   This is an action brought by plaintiffs Maude Cook and Virgil M. Cook, husband and wife, against Harrison E. Evans and other defendants, seeking to partition the surface and one-half of the mineral rights in three separate tracts of land in Washita county. The defendants in their answer and cross-petition prayed the court to partition the surface only for the reason that there was a great present value, and a prospect for an unusual increase in the value, of the oil and gas rights; that the value thereof placed the mineral rights beyond the ability of the defendants to purchase, and the partition and sale of such interests would be unjust and oppressive toward the defendants. The trial court ordered partition of the surface and one-half of the minerals as prayed for by plaintiffs, and appointed commissioners, who reported that the property could not be partitioned in kind, and appraised the separate tracts, including one-half of the oil, gas, and other minerals without separately appraising such mineral interest. Thereafter, the defendants filed a motion to set aside the order for partition, report of commissioners, order approving commissioners' report, and order of sale for the reason, among others, that the order for partition was contrary to law in that it ordered partition only of one-half of the mineral interest, and also for the reason that it failed to direct the commissioners to appraise the min-

eral interests separately from the surface. The trial court overruled this motion, and defendants appeal.

The undisputed facts are that the three tracts were the property of James A. Evans, and upon his death descended to his heirs, some of whom conveyed interests in the minerals and in the surface so that at the time the order for partition was made, seven persons, including the plaintiff Maude Cook, owned undivided interests in both the surface and minerals; three of the defendants owned interests in the surface only, and four owned interests in the oil, gas, and minerals only. The parties agree that there is no production of oil or gas on the premises, but that the same is unproved or "wildcat" territory.

Defendants in this court contend that by reason of the fact that some are owners of mineral interests only, and others are the owners of the surface only, it is imperative that the mineral interests and the surface be separately appraised and sold so that the amount due to those owning interests in the minerals only, and those owning interests in the surface only, may be definitely ascertained, and that the trial court, upon finding that the property could not be partitioned in kind, should have ordered the entire surface interest separately appraised and sold and the entire mineral interest separately appraised and sold. We agree with this contention.

In Coker v. Vierson, 170 Okla. 528, 41 P. 2d 95, we held that where, as here, there was no production from the property and the surface and mineral interests were owned by different parties and could not be partitioned in kind, the mineral interests and the surface should be appraised and sold separately, and the proceeds distributed ratably. The rule announced in that case was followed in Colonial Royalties Co. v. Hinds, 202 Okla. 660, 216 P. 2d 958.

If the property could be partitioned in kind, the procedure specified in the above cases would be unnecessary. In such case the method approved in Collier v. Collier, 184 Okla. 38, 84 P. 2d 603, could be followed and the interest of those owning both surface and minerals set apart to them, while the mineral interests separately owned could be allotted to the portion of the surface awarded to the grantors of such interests, or his successors in interest.

In the instant case, the surface not being susceptible of partition in kind, the necessity for the separate appraisement and sale of the surface and mineral interests is obvious, since if they were appraised and sold together it would be impossible for the trial court to determine the amount to be distributed to the owners of the minerals only, and the amount to be distributed to those who owned an interest in the surface only.

The trial court also erred in attempting to partition only one-half of the mineral interest. In Thomason v. Thompson, 123 Okla. 218, 253 P. 99, and again in Sweeney v. Bay State Oil & Gas Co., 192 Okla. 28, 133 P. 2d 538, we pointed out that the object of partition proceedings was to enable those who owned property as joint tenants or tenants in common to put an end to the tenancy, so as to vest sole estates in specific property or lands or tenements in the various cotenants, and that the proceeding contemplated an absolute severance of the individual interests of each joint owner. This is the general rule. 40 Am. Jur. p. 27, §32, 68 C.J.S. p. 78, §55(b), 47 C.J. p. 332, §155. In Duncan v. Moore (Tex. Civ. App.) 135 S. W. 2d 787, the court held that partition of only a part of the property might be made if the parties consented thereto. In the instant case, as above pointed out, the commissioners found that the property could not be partitioned in kind, and there was no consent by all the parties that only a portion of the oil, gas, and mineral rights should be partitioned and the rest remain in common ownership. In the absence of such consent or agree-

ment it was the duty of the trial court to deny the prayer of plaintiffs' petition, and to dismiss the action, unless plaintiffs or defendants prayed for the partition of the entire mineral interest, or the defendants consented to the partition of one-half only.

In Wolf v. Stanford, 179 Okla. 27, 64 P. 2d 335, where the plaintiff sought to partition the surface only, and the defendant sought to have additional parties made parties defendant, and to procure a partition of the entire estate, we reversed the trial court, which ordered partition of the surface only, and held that both the surface and the minerals should be partitioned in the same action, since permitting this to be done dispensed with the necessity of two separate proceedings.

The judgment is reversed, with directions to the trial court to dismiss the proceeding, unless plaintiffs or defendants pray for partition of the entire estate, both surface and minerals, or the defendants consent to the partition of only one-half of the mineral interests.

WELCH, CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in reversal.