## COON v. MITCHELL.

No. 34673. Nov. 20, 1951.

*237 P. 2d 885.*

Henry S. Johnston, Perry, for plaintiff in error.

Al T. Singletary, Perry, for defendant in error.

CORN, J. This action was brought by Bertha Mitchell for partition of 160 acres of land wherein she owned an undivided one-fourth interest and fourteen other persons, who were made party defendants, owned, in various amounts, the other three-fourths interest.

In her petition she asked that the court appoint commissioners to make partition of said land among the persons named in her petition as owners and in the amounts therein designated.

Almedia Coon, one of the defendants who owned an undivided one-fourth interest, in her answer states:

"Your answering defendants hereby make an election to take and. accept any forty acre portion thereof which would be adjoining a public road that is by division in square forty acre tracts of by dividing in tracks forty rods wide running either north and south or east and west . . . ."

Alice R. Schomaker, one of the defendants, in her cross-petition states:

"That as a matter of equity said property should be properly appraised

and sold, and the Court to equitable distribute the proceeds of said sale as provided by law."

However, this defendant did not appeal from the judgment.

The remaining defendants joined in the petition of the plaintiff.

The plaintiff in her petition asked that if the land could not be divided among the various owners who owned various amounts without "manifest injury" that the court direct the commissioners to appraise the surface and an undivided one-half of the minerals.

After a hearing the court rendered, in part, the following judgment:

"It is the further judgment of this court that in the event said commissioners shall determine that the above described real property cannot be partitioned among the above named owners in the proportion set opposite the name of each without manifest injury to said parties that they shall proceed to appraise the surface rights of said property, together therewith an undivided one-half (1/2) interest in and to all of the oil, gas and other minerals lying in and under and that may be produced from the above described real property, and return the same to this court."

The commissioners after viewing the land determined that it could not be divided among the various owners without "manifest injury" and appraised the surface and an undivided one-half of the minerals as directed by the court and made their return.

The defendant filed objections to the findings and report of the commissioners and asked that the court set aside 40 acres of the land to her.

The court overruled the objections and ordered the property sold.

The court in appointing commissioners must comply with section 1509, Title 12, O. S. 1941, which provides:

"The commissioners shall make partition of the property among the parties according to their respective interest, if such partition can be made without manifest injury. But if such partition cannot be made, the commissioners shall make a valuation and appraisement of the property . . . ."

This section of the statute does not provide that the court may appoint commissioners and direct them that if the property cannot be divided without "manifest injury," to appraise the surface of the land and only a part of the minerals. See Ellis et al. v. Cook et al., 205 Okla. 13, 234 P. 2d 412, and cases cited therein.

The judgment is reversed, with directions to the trial court to dismiss the proceedings, unless plaintiffs or defendants pray for partition of the entire estate, both surface and mineral, or the defendants consent to the partition of only one-half of the mineral interest.