Emma Hazel McCubbins JONES et al., Plaintiffs in Error,

v.

William Gordon HAYTON et al., Defendants in Error.

No. 38142.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Elmer S. Rutherford, Robert N. Colombe, Tonkawa, Hurst & Scott, Pawnee, for plaintiffs in error.

Matthews & Kasper, Perry, for defendants in error.

JOHNSON, Justice.

This is an appeal under the provisions of 12 O.Supp.1957 Sec. 956.1 et seq. from the District Court of Noble County, Oklahoma, and involves the question of the distribution of the net proceeds from the sale of a farm, in a partition proceeding, in which the minerals had been severed from the surface. There are sixty (60) owners, fifty-four (54) of whom owned a portion of both surface and minerals, and six of whom owned only a mineral interest. The plaintiffs in error owned and undivided one-half interest in the minerals but no interest in the surface.

The undisputed facts are that the court appointed commissioners appraised the minerals at $2,400 and the surface at $11,600; that the minerals and surface were first separately offered for sale by the sheriff, and that he received a bid of $5,000 from Glenn E. VanSlyke, one of the plaintiffs in error, for the minerals and a bid of $8,000 from William Gordon Hayton, one of the plaintiffs below and defendant in error here, for the surface, those being the highest bids received. The sheriff then offered the minerals and surface together, and received a bid of $13,100 for both the surface and mineral rights and sold them together for that sum to the bidder, William Gordon Hayton, the same person who had at the prior separate bids bid $8,000 on the surface and $1,600 on the minerals. The sale was confirmed, and the court divided the net proceeds, $11,149.73, in the proportion the appraised value of each bore to the appraised value of the whole, or $9,238.37 to the surface owners and $1,911.06 to the mineral owners, instead of dividing the net proceeds in the proportion the separate bids on the surface and minerals bore to the bid for the whole, in which event the $11,149.73 would have been divided as follows: $4,288.35 for the minerals and $6,861.38 for the surface. This, the plaintiffs in error contend, constituted reversible error.

No objection was made to the confirmation of the sale of the surface and minerals together. Only the method and manner of prorating and distribution of the proceeds of the sale are contested.

The plaintiffs in error contend that the partition proceedings were equitable in nature and argue that equitable disposition required that the net proceeds from the combined sale of the surface and minerals should have been distributed ratably, based upon the highest separate bid on the surface and minerals, rather than on the separate appraised value of the surface and minerals.

■ We agree with the contention of the plaintiffs in error that proceedings for distribution of the proceeds in a partition proceeding are equitable. Sec. 1516, 12 O.S. 1951 of our statute so provides:

"[Sec. 1516.] The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

Similar statutes relating to partition proceedings are construed as constituting proceedings equitable in nature; Batchelder v. Munroe, 335 Mass. 216, 139 N.E.2d 385.

■ We also agree with the further contention of plaintiffs in error that the bids for the property, when offered separately, under the facts of the case, furnish a proper basis for distribution of the purchase money. Vollum v. Beall, 117 Md. 617, 83 A. 1095, Ann.Cas.1914D, 16; Union Trust Co. of New York v. Illinois Midland R. Co., 117 U.S. 434, 6 S.Ct. 802, 29 L.Ed. 963.

■ In cases of equitable cognizance, this court will examine the record and weigh the evidence and render or cause to be rendered the kind of judgment that should have been rendered in the lower court.

■ Where, as herein, the minerals had been severed from the surface, and the surface was not susceptible of partition in kind, the property (surface and minerals) should have been sold separately and not together.

See Ellis v. Cook, 205 Okl. 13, 234 P.2d 412; Coon v. Mitchell, 205 Okl. 339, 237 P.2d 885, and cited cases.

It is obvious that if the mineral interest and surface interest had been sold separately the net proceeds would have been distributed ratably based upon the sale price of each. In Coker v. Vierson, 170 Okl. 528, 41 P.2d 95, it was held in a partition action that the trial court properly ordered the sale of the surface and minerals separately and the distribution of the proceeds from said sale ratably based upon the sale price of each.

■ ·It is argued by defendants in error that the court appointed three commissioners, as officers of the court, to appraise the property, which they did under the provision of our partition statutes, 12 O.S.1951 Sec. 1501 et seq. and 12 O.Supp.1957 Sec. 1512; and, that the property was sold for its highest combined price; the net proceeds distributed according to the ratio set by the officers of the court, the commissioners, and the sale confirmed and proceeds ordered distributed according to the ratio of appraisals; that to ignore the return of these commissioners and to heed bids of parties in interest who are not officers of the court, who have taken no oath, who have no official reports to make to the court under oath, and who are co-tenants with all other parties to the action, would open the door to fraud and gross inequities; that under the trial court's action both the owners of the surface and minerals received more than two-thirds of the appraised value of their interest, and that the trial court's method of distribution is the only method that would assure this result; that by reason of this that the judgment of the trial court should be affirmed.

■ The fallacy of this method of reasoning is readily exposed when we consider the fact that the separate highest bids were made by parties who were willing and able to pay for the same, and their bids met all the requirements of our partition laws, (12 O.S.1951–57 Sec. 1501 et seq., supra) and the sale should have been con-

firmed. Coker v. Vierson, supra. The appraisement was merely an estimate of the value for the purposes of the partition statute and is not material and conclusive for any other purpose. 21 Am.Jur., Sec. 172, Execution, pg. 91.

The highest separate bidder on the surface owned a portion of both the surface and the minerals; the highest separate bidder on the minerals owned with others only an undivided interest in the minerals. The bidder on the combined or single sale of both the surface and minerals was the same person who placed the highest bid on the surface in the sale where separate bids were made on the surface and minerals, and it cannot be equitably said that in the combined sale that he meant to pay proportionately more for the surface than was his separate bid on it, or proportionately less than was the highest bid on the separate sale of the minerals.

■ The plaintiffs in error were entitled to a separate sale of the minerals and surface and a division of the net proceeds of the single or combined sale of the surface and minerals based ratably upon the highest bids for the property, when offered separately, would have substantially given them the benefit of a separate sale. No one of all the parties can get less by the sale in gross. Union Trust Co. of New York v. Illinois Midland R. Co., supra; Vollum v. Beall, supra [117 Md. 617, 83 A. 1096.]

In Vollum v. Beall, supra, three tracts of land, with different ownership were offered separately in partition sale and then as a unit and were sold as a unit for the best price obtainable. Therein the court said:

"The bids for the property, when offered separately, under the facts of the case, furnish a proper basis for distribution of the purchase money, * * *. The fund can be equitably apportioned among the several tracts, * * *."

For the reasons herein given, we hold that the highest bids for the property (minerals and surface), when offered separate-

ly, under the facts of this case, furnish a proper basis for distribution of the purchase money derived from combined sale of the surface and minerals, and the cause is reversed and remanded with directions to so divide and distribute the net proceeds of the single sale.