**FIRST TRUST COMPANY OF ST. PAUL and Willard A. Olson, as Co-Trustees of the Trust established by Ralph R. Kriesel, Respondents,**

v.

**Richard Fries HOLT and Paul Zuppke as Successor Trustee for Richard Fries Holt u/t/a dated January 6, 1963, Appellants.**

No. C6-84-478.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Review Denied April 18, 1985.

Steven C. Tourek, David Pearson, St. Paul, for respondents.

Robert W. Johnson, Russel H. Crowder, Anoka, for appellants.

Heard, considered and decided by SEDG-WICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from a judgment ordering partition and sale of disputed property. We affirm.

## FACTS

Respondents First Trust Company of St. Paul and Willard A. Olson as co-trustees of a trust established by Ralph R. Kriesel, (Kriesel) brought an action for partition and sale of property they owned as tenants in common with appellant, Richard Holt (Holt). Holt counterclaimed for specific performance of a purported contract under which Kriesel sold its interest in the property to Holt. Holt also sought to recover rent and damages for waste committed during the lease term under which Kriesel was liable.

In 1962 the parties entered into a lease whereby Holt granted Kriesel the exclusive right to possession of the property. Kriesel ran a car dealership at that location, paid Holt an annual rent, and agreed to maintain the property.

The lease provided Holt an option to purchase Kriesel's half-interest in the property anytime before July 1970 for $300,000. If Holt failed to exercise that option Kriesel could buy Holt's half-interest for $300,000.

In April 1970, Kriesel sued Holt to partition the property and terminate the lease. In response, Holt brought an independent action for back rent, punitive damages and damages caused by Kriesel's failure to make needed repairs. Kriesel counterclaimed, alleging among other things, that Holt had failed to make certain improvements specified under the lease and that Holt was liable to Kriesel for the cost of those repairs.

In May 1972, the parties reached a settlement on the record in Hennepin County District Court. That stipulation enumerated the respective obligations of the parties and provided that Holt was to purchase Kriesel's share of the property for $300,000 in no more than 30 days. The agreed upon repairs would be completed after the closing.

In September 1972, the closing having not yet occurred, the parties entered into a written agreement which provided that the closing would not take place until after the repairs were completed. The written agreement further provided that a new lease would be entered into at the closing.

More than a year later, a new lease still was not agreed upon, and the parties were still disputing who was to pay for what repairs. Subsequently, Holt refused to close until Kriesel agreed to accept significant additional obligations enumerated in a document entitled "Holt's Other Proposals" which he unilaterally compiled.

By 1980, matters were still at an impasse. The trial court ordered partition and sale of the property, denied specific performance of a contract to sell the property because the parties abandoned that contract, and found that appellant failed to prove damages due to waste.

The court denied Holt's motion for amended findings except for correction of clerical errors.

## ISSUES

1. Did the trial court err in determining the parties did not reach an enforceable agreement to settle their disputes to accomplish sale of the property?

2. Did the trial court err in denying Holt's request for equitable relief?

3. Did the trial court err in determining the parties abandoned the stipulation and their Written Settlement Agreement?

4. Did the trial court err in determining Holt's contingent right to purchase the Kriesel interest in the property is not a bar to partition?

5. Did the trial court err in finding Kriesel is not liable for waste?

## ANALYSIS

1. Holt asserts review should be de novo because the critical evidence in this case is documentary. Since this is not a solely documentary case, the clearly erroneous standard applies to the court's findings. Minn.R.Civ.P. 52.01.

Holt contends the trial court erred in finding a settlement agreement reached by the parties was merely an "agreement to agree." The court found the settlement agreement was not definite enough to constitute an enforceable contract to sell the property. The agreement made the sale contingent upon a lease yet to be negotiated. It also required repairs before the sale, but failed to specify who was to be responsible for the repairs. In light of these ambiguities the trial court did not err in finding the settlement agreement to be unenforceable.

Holt contends that the settlement agreement was intended to be read in conjunction with a stipulation by the parties. By integrating these agreements, he claims, all material terms of the contract are addressed and resolved.

However, the two agreements cannot be integrated because they contain contradictory provisions. The stipulation requires Holt to purchase the property immediately and the enumerated repair work would be commenced and completed thereafter. The settlement agreement reverses the order of these events.

2. Holt contends the trial court erred in finding that his breach of the settlement agreement precluded final sale of the property.

Holt failed to exercise either a 1963 option or a 1972 stipulation giving him the right to purchase the disputed property. In 1973 Holt agreed to buy the property after specified repairs were made. This agreement was not completely open-ended as to the date by which the sale must be completed. The parties intended that the sale take place after a reasonable period for the completion of specified repair work. Holt subsequently refused to close until Kriesel agreed to accept significant additional obligations. Closing never transpired. Therefore, the trial court properly found Holt breached the 1973 agreement and prevented closing of the purchase.

3. Holt claims the trial court erred in determining the parties abandoned their stipulation and settlement agreement.

Holt rejected the 1972 stipulation and 1973 settlement agreement. Since 1978 he told Kriesel he would proceed only if they accepted "Holt's Other Proposals." Therefore, the trial court correctly found Holt abandoned the stipulation and settlement agreements.

4. Holt claims the trial court erred in determining his contingent right to purchase the Kriesel interest in the property does not bar partition. He asserts he still has a right to purchase the property contingent only upon satisfaction of conditions precedent in the settlement agreement.

It is well settled that a co-tenant has an absolute right to partition. This right can only be waived or suspended by express contract. There is no enforceable contract to waive or suspend the right to partition. Holt, having abandoned the settlement agreement, cannot now enforce it to his advantage.

5. Holt claims the trial court erred in finding Kriesel not liable for waste. He claims Kriesel allowed the building's interior to deteriorate. Both parties presented evidence that the highest and best use of the property would be to rehabilitate the building into office space. This would require completely gutting the building's interior. There is no evidence in the record that the owner intended to continue the present use of the building.

Neither party testified that damage done to the building adversely affected its value in its highest and best use. Therefore, the trial court properly assessed the waste issue.

## DECISION

We affirm the trial court.