**FIRST TRUST COMPANY OF ST. PAUL, et al., Respondents,**

v.

**Richard Fries HOLT and Paul Zuppke as Successor Trustee for Richard Fries Holt u/t/a Dated January 6, 1936, Appellant.**

No. C2–87–329.

Court of Appeals of Minnesota.

Sept. 8, 1987.

Review Denied Nov. 18, 1987.

David P. Pearson, Winthrop & Weinstine, St. Paul, for respondents.

Richard Fries Holt, pro se.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

**OPINION**

POPOVICH, Chief Judge.

This appeal is from an amended order distributing the proceeds from the partition sale of the parties' real property. Appellant claims the trial court abused its discretion in allocating the proceeds from the combined sale of the two properties because it failed to consider the respective marketability of each parcel. We affirm.

## FACTS

This appeal involves two adjoining parcels in Minneapolis, Minnesota. The first, 1306 Hennepin, was owned by appellant Richard Holt and the Ralph R. Kriesel trust, as managed by respondent co-trustees First Trust Company of St. Paul and Willard A. Olson, as tenants in common. The second, 1300 Hennepin, was owned solely by the Kriesel trust.

In 1970, respondents sued appellant to partition 1306 Hennepin. The parties settled and stipulated to a sale of the trust's interest to appellant. The settlement was never performed. Therefore, respondents again sued for partition in 1980. The trial court ordered partition and sale, and appellant appealed to this court. Before an opinion was released, the parties conditionally stipulated to a partition procedure. This court affirmed the trial court. *See First Trust Co. v. Holt*, 361 N.W.2d 476 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 18, 1985). The trial court subsequently approved the parties' stipulation and ordered a referee appointed to (1) hire an appraiser, (2) act as a real estate agent to sell 1306 Hennepin, and (3) present a sales agreement to the trial court for approval.

The referee marketed 1306 Hennepin and received insignificant offers. He later chose to market 1306 Hennepin and 1300 Hennepin as a single property. In response, the United States Post Office made a $1,200,000 offer for the combined property. The referee recommended the sales agreement to the trial court which approved.

In April 1986, respondents moved for a distribution of the sale proceeds. On September 23, 1986, the trial court determined the purchase price of 1306 Hennepin was $318,072. Appellant moved the trial court to vacate the September 1986 order and revalue 1306 Hennepin for purposes of proceeds distribution. By an amended order filed January 22, 1987, the trial court determined an effective sale price for 1306 Hennepin was $326,435. The court valued the respective interests between the two parcels on an equal value per square foot basis. Appellant challenges the 1987 order. Respondents moved for attorney fees and costs pursuant to Minn.Stat. § 549.21 (1986).

## ISSUES

1. Did the trial court abuse its discretion in dividing the net proceeds from the partition sale of the parties' real property?

2. Are respondents entitled to attorney fees and costs?

## ANALYSIS

1. Although partition in Minnesota is a statutory action, the proceedings are governed by equity principles. *Swogger v. Taylor*, 243 Minn. 458, 461, 68 N.W.2d 376, 380 (1955); *see* Minn.Stat. §§ 558.01–.32 (1986) (Minnesota partition act). Courts apply equity with discretion. *See, e.g., Creative Communications Consultants, Inc. v. Gaylord*, 403 N.W.2d 654, 656 (Minn.Ct. App.1987) (issue whether the trial court abused its discretion in applying equity principles regarding a temporary injunction). A trial court's decision regarding division of partition sale proceeds should not be reversed absent an abuse of its discretion.

Appellant claims the trial court abused its discretion because it failed to properly consider the parties' (1) individual market positions and (2) special interests. He does not seek reversal of the sale, but instead requests a reallocation of the proceeds.

2. Appellant claims the trial court's distribution of proceeds inequitably favored respondents' interests over his own. *Cf. Swogger*, 243 Minn. at 467, 68 N.W.2d at 384 (the mode of partition "must be capable of execution without advancing the interest of one owner at the expense of the others"). He insists separate sale of 1306 Hennepin would have resulted in a purchase price greater than the $326,435 assigned that parcel after the combined sale.

Appellant relies primarily upon *Jones v. Hayton*, 329 P.2d 1056 (Okla.1958). That case held the highest bids for a property, when offered separately, furnish a proper basis for distribution of the proceeds from

a combined sale of two parcels. *Id.* at 1059–60. But here, the market response to 1306 Hennepin when offered separately was not significant. Appellant does not cite to any bids on 1306 Hennepin which were high enough to cause an upward deviation from the $326,435 allocated to the property on distribution.

Appellant uses the 1986 City of Minneapolis assessment for 1300 Hennepin and 1306 Hennepin to value those parcels and determine his respective share of the proceeds from sale of both those properties. *See* Minn.Stat. § 558.16(4) (1986) (proceeds distributed to owners "according to their respective shares"). The city assessed the value of the 61,552 square feet of 1300 Hennepin at $750,000. It assessed the value of the 23,000 square feet of 1306 Hennepin at $369,000.

Appellant argues while the physical area of 1306 Hennepin is 27% of the property as combined, the assessed value of 1306 Hennepin is 33% of the total property sold. He requests, therefore, one-half of 33% of the $1,200,000 sale price or one-half of $396,000 (appellant arrives at $184,500 or one-half of $369,000).

But more accurate than an assessor's valuation is an appraiser's valuation. The court-appointed appraiser hired by the referee pursuant to the parties' stipulation valued 1306 Hennepin at $274,000 in June 1985. The proceeds distributed to that property by the January 1987 order clearly exceed that appraisal figure.[1]

Finally, appellant insists 1306 Hennepin has more frontage on Hennepin Avenue than does 1300 Hennepin and therefore should have a greater than equal value per square foot. The property at 1300 Hennepin, however, has its own special characteristics. It provides corner property and access to Highway 12 (the future Highway 394). Apparently the combination of each of these characteristics led to the reasonable price paid by the post office.

■ 3. Appellant claims the parties' interests in marketing the two parcels varied. He asserts respondents were anxious to sell 1300 Hennepin because substantial taxes were overdue. Appellant alleges he had paid all the taxes on 1306 Hennepin and therefore would have been able to keep that property on the market for a longer period of time. But the trial court's January 1987 order states proceeds from the partition sale would be used in part to pay 1985 and 1986 taxes owing on 1306 Hennepin. As respondent notes, appellant's statement a greater market value could have been obtained for 1306 Hennepin individually had it remained on the market is speculative and unsupported.

Appellant objects to the mode of partition applied. He cites *Barnes v. Swedish America National Bank,* 371 Ill. 20, 19 N.E.2d 929 (1939). In that case, the court ordered separate sale of the two parcels on the same day. But here appellant makes clear he is not seeking reversal of the sale. He seeks only redistribution of the sale proceeds.

■ 4. Respondent moved this court for bad faith attorney fees and costs pursuant to Minn.Stat. § 549.21 (1986). We conclude such fees and costs are not warranted.

## DECISION

The trial court did not abuse its discretion in distributing the net proceeds from the partition sale of the parties' real property.

Affirmed.

---

1. Appellant hired his own appraiser who valued 1306 Hennepin at $650,000. But appellant's appraiser is not MAI or SREA certified, and the referee discredited that appraisal.